UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| D'ARCY PETROLEUM, LLC, LORD FISHER PETROLEUM, LLC, and BRANDON ROLNICK,<br><br>    Plaintiffs,<br><br>vs.<br><br>JOHN MINK, KNIK ENERGY, INC., KELLY BUSTER, STRAWN PARTNERS, LLC, STRAWN OPERATING CO., LLC, HOLLAND ASSET PARTNERS, LLC, UNION ASSET MANAGEMENT LLC, and STRAWN PARTNERS OPERATING LLC,<br><br>    Defendants,<br><br>vs.<br><br>SHANE BENNETT, and ARGUS DRILLING, LLC,<br><br>    Third-Party Defendants. | Civil Action No. 3:19-cv-02770-M |

**PLAINTIFFS' MOTION TO (1) STRIKE DEFENDANTS' ANSWER; (2) ENTER DEFAULT; AND (3) GRANT A DEFAULT JUDGMENT**

Richard A. Bodnar
State Bar No. 24117249
Rolnick Kramer Sadighi LLP
1251 Avenue of the Americas
New York, New York 10020
212.297.2810
rbodnar@rksllp.com

Jules P. Slim
State Bar No. 00793026
Attorney and Counselor
PO Box 140307
Irving, Texas 75014
214.350.5183
jslim@slimlawfirm.com

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................. 1

PROCEDURAL BACKGROUND......................................................................................... 2

ARGUMENT ......................................................................................................................... 7

    1.   Defendants' Answer Must be Struck. ........................................................................ 7

        a.    Defendant Union's Answer Must be Struck for Failure to Obtain Counsel. ......7

        b.    Defendants' Answer Must be Struck for Their Discovery Failures ..................8

    2.   The Court Should Enter a Default Judgment as to Defendants. ................................ 10

    3.   The Court Should Grant Plaintiffs a Default Judgment............................................. 10

CONCLUSION.................................................................................................................... 12

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Bullock v. Abbott & Ross Credit Servs., L.L.C.*,
   No. A-09-CV-413 LY, 2009 WL 4598330 (W.D. Tex. Dec. 3, 2009) ..................................... 11

*Diaz v. S. Drilling Corp.*,
   427 F.2d 1118 (5th Cir. 1970) ............................................................................................... 8

*Donovan v. Road Rangers Country Junction, Inc.*,
   736 F.2d 1004 (5th Cir. 1984) ............................................................................................... 8

*Gomez v. Managing Innovation & Tech., Inc.*,
   No. 3:14-CV-0936-M, 2015 WL 6150905 (N.D. Tex. Oct. 15, 2015) ..................................... 7

*Melendez v. DJJRN, Inc.*,
   No. 3:20-CV-102-S-BK, 2020 WL 7774940 (N.D. Tex. Nov. 16, 2020) ................................. 8

*Memon v. Allied Domecq QSR*,
   385 F.3d 871 (5th Cir.2004) ................................................................................................ 7

*Quinonez v. Alpha Air Conditioning, Heating & Elec., LLC*,
   No. 4:16-CV-01092-O, 2017 WL 6371724 (N.D. Tex. Nov. 27, 2017) .................................. 8

*United States v. $49,000 Currency*,
   330 F.3d 371 (5th Cir. 2003) ................................................................................................ 8

**Other Authorities**

8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2281 (3d ed.
   1998) ..................................................................................................................................... 8

**Rules**

Federal Rule of Civil Procedure 37 .......................................................................................... 1, 8

Federal Rule of Civil Procedure 55(b) .......................................................................................... 1

Pursuant to Rules 37 and 55(b) of the Federal Rules of Civil Procedure, as well as this Court's Order of July 14, 2021, Plaintiffs D'Arcy Petroleum, LLC, Lord Fisher Petroleum, LLC and Brandon Rolnick (collectively, "Plaintiffs") hereby move to (1) strike the answer of Defendants Kelly Buster ("Buster") and Union Asset Management ("UAM" or "Union" and together with Buster, "Defendants") (Dkt. No. 26); (2) have the Court enter default as to these Defendants; and (3) grant a default judgement as to Defendants Buster and UAM.

## PRELIMINARY STATEMENT

This is a case of a repeated pattern of fraud by Defendants in the sale of oil and gas interests. Plaintiffs, who lost $129,000 in the scheme, are only a few of the many victims of this fraud. Possessing the wherewithal and resources to pursue Defendants for their acts, Plaintiffs sued Defendants for RICO violations, as well as various Texas common law violations. Defendants responded with a motion to dismiss. When that was denied, Defendants simply stonewalled discovery, producing a grand total of 29 *pages* of documents. Via active third-party discovery, Plaintiffs have uncovered not only *thousands* of pages of relevant documents, but also that Defendants' fraud is vast, involving numerous (some now also suing) victims, as well as multiple oil and gas properties.

Defendants' discovery stonewall has left Plaintiffs unable to fully and fairly prosecute this case. To move this case to conclusion, Plaintiffs moved to compel Defendants' documents. Defendants failed to respond to this motion, despite the fact that this Court *specifically ordered* Defendants to respond. In addition, having failed to cooperate with their prior counsel, Defendants, left to act *pro se* (and despite the fact that Union Asset Management cannot *act pro se*), have not complied with this Court's orders regarding representation. Simply put: Defendants

have defied this Court's orders on multiple occasions, including this Court's order on the motion to compel, and have failed to fulfill even the most basic of their discovery responsibilities.

By this motion, Plaintiffs seek to bring this matter to at least a form of conclusion. Plaintiffs do so at this time as (1) this Court has ordered Plaintiffs to file a motion for default on or before July 20, 2021 (the due date of dispositive motions in this matter) and Plaintiffs' respect the orders of this Court; and (2) Defendants utter and complete failures to comply with even basic discovery have left Plaintiffs prejudiced to the point that striking their answer and entering default are the sole remedies that can cure the prejudice.

## PROCEDURAL BACKGROUND

Plaintiffs filed this action on November 20, 2019 [Dkt. No. 1]. Plaintiffs alleged violations of the RICO statute, as well as state law causes of action including fraud and negligent misrepresentation. The claims concern a pattern of fraudulent acts by Defendants resulting in Plaintiffs losing $129,000 for "interests" in oil and gas wells. Plaintiffs' funds were procured by brazen fraud. On December 27, 2019, Defendant Kelly Buster, who is also the owner and/or controller of defendant Union Asset Management, returned Plaintiffs' waiver of service. [Dkt. No. 6]. Complying with an order of this Court, Plaintiffs filed a RICO statement on December 30, 2019 [Dkt. 7]. On February 11, 2020, Defendants filed a motion to dismiss Plaintiffs' claims. At minimum, this confirms that Defendants Buster and Union were well aware of Plaintiffs' claims, and were in fact involved in the matter at this juncture.

On March 3, 2020, Plaintiffs filed an amended complaint (the "Operative Complaint") [Dkt. No. 13]. The Operative Complaint revealed that former defendant John Mink was assisting Plaintiffs, had provided Plaintiffs significant information, and in fact had provided extensive information that Defendant Buster was the source of the misrepresentations at issue, and that Union

2

was the recipient of Plaintiffs' funds. [Dkt. No. 13 at 2-3]. Plaintiffs dismissed defendant Mink and his company, with prejudice, on March 4, 2020. The Operative Complaint made Defendants original motion to dismiss moot. [Dkt. No. 19.]

Union Asset Management returned an executed waiver of service on March 16, 2020. [Dkt. No. 16.]

On March 23, 2020, Defendants (including Defendants Buster and Union) filed a motion to dismiss the Operative Complaint [Dkt. No. 18]. Defendants (including Defendants Buster and Union) entered into a stipulation extending Plaintiffs' time to respond to their motion to dismiss, again confirming their involvement in the litigation. [Dkt. No. 21.] On April 27, 2020, Plaintiffs responded to Defendants' motion to dismiss. [Dkt. No. 23.] On May 11, 2020, Defendants replied. [Dkt. No. 24.]

On August 17, 2020, Chief Judge Barbara M. G. Lynn granted in part and denied in part Defendants' motion to dismiss. [Dkt. No. 25.] In sum, Judge Lynn sustained a subset of Plaintiffs' RICO claims, as well as fraud claims, negligent misrepresentation claims, and constructive trust claims as to, in relevant part, Buster and Union.

On August 31, 2020, Buster and Union answered Plaintiffs' Operative Complaint (the "Answer"). The Answer contained a number of critical admissions:

- "Mr. Buster admits that Knik, pursuant to a course of business between Mr. Buster and Mr. Mink, forwarded some, but not all, of the funds invested by Plaintiffs to UAM, a company controlled by Mr. Buster." Answer at ¶ 8. "Defendants admit that Buster is the controlling member of UAM as alleged in paragraph 60 of the FAC. Defendants admit that Knik Energy wired $40,000 to UAM on or around May 3, 2018, or that the payment was at least

3

in part to forward the proceeds received from Plaintiffs." Answer at ¶ 60. *See also* Answer at 77, 83 (admitting additional wires).

- "Defendants admit that Mr. Buster is the sole member of UAM." Answer at ¶ 22.

- "Defendants admit that Kelly Buster is the controlling member of the Strawn Entities." Answer at ¶ 53.

- "Defendants admit that Strawn Operating is the operator of wells on the Sheridan Lease and that Mr. Buster is the controlling member of Strawn Operating." Answer at ¶ 56.

- Defendants admitted this Court's jurisdiction over this matter (while reserving "rights" in a manner inconsistent with law). Answer at ¶ 24.

- In addition, Defendants admitted the use of the of wires (Answer at ¶ 9), effectively establishing subject matter jurisdiction for this Court considering Plaintiffs have pled RICO claims in part based on wire fraud.

- Defendants admitted that the wells at issue in this matter were not separately gauged. Answer at ¶ 6 ("Defendants admit that the wells at issue in this case are not separately gauged."). The logical inference of this statement is that *any* statement about *any* specific wells' production was false or misleading. *See also* Answer at ¶ 98.

- Defendants admitted that "that Mr. Buster sent information to Mr. Mink" (Answer at ¶ 28) and had no basis to deny that Mr. Mink provided the information to Plaintiffs (*see* Operative Complaint; see also Answer at ¶ 29 ("Defendants admit that Mr. Buster thought that some of the information he received from Mr. Bennet and forwarded to Mr. Mink might be transmitted to investors.").

On September 14, 2020, Defendants filed a Third-Party Complaint against the Third Party Defendants. This again confirms that Buster and Union were involved in this matter at this stage.

4

On October 2, 2020, Plaintiffs and Buster and Union filed a "Joint Status Report" as required by the Court, which set out a suggested schedule for this matter.

On October 4, 2020, Judge Lynn ordered a schedule in this matter. In particular, Judge Lynn ordered dispositive motions to be due by July 20, 2021. Discovery, at least as anticipated in the order, was to be completed by April 30, 2021. A trial date was set. [Dkt. No. 32.]

On October 6, 2020, a subset of Defendants' attorneys were allowed to withdraw from the case for lack of payment. [Dkt. No. 33]. In this subset of counsels' motion to withdraw, they represented that other counsel, the Haynes Law Firm, would continue to represent Defendants.

On November 17, 2020, this Court issued an Order of Reference and Notice of Option to Consent to Proceed Before the Magistrate Judge. [Dkt. No. 36]. This Order allowed the parties to object to proceeding before Magistrate Judge Rutherford for all relevant proceedings. No party objected.

On February 1, 2021, as required by order of this Court, Plaintiffs filed a joint status update on settlement. [Dkt. No. 44].[1] On February 4, 2021, Plaintiffs filed a stipulation among the parties regarding confidentiality. Magistrate Judge Rutherford entered an order on confidentiality the same day. [Dkt. No. 46.]

On April 1, 2021, this Court held a hearing as to Defendants' Remaining Counsels' motion to withdraw. Bodnar Decl. at ¶ 9. Mr. Buster was in personal attendance, though not via video as apparent 'technical difficulties' prevented him from joining. *Id*. At that conference this Court reminded Mr. Buster of his obligations event should his remaining counsel withdraw (which was

---

[1] In the interest of updating this status update, but without revealing information protected under the federal rules, Plaintiffs have made two meaningful, good faith, settlement offers to Defendants. Neither has received a substantive response.

5

the subject matter of the hearing).  Mr. Buster indicated he understood and accepted this Courts authority.

On April 23, 2021, in response to this Court's order to enter default, Buster & Union entered default as to the Third Party Defendants.  On May 14, 2021, this Court entered a default judgement in favor of Defendants as against the Third Party Defendants.  Perhaps obviously, such a default did not relieve Defendants of any of their obligations as to Plaintiffs.

On June 3, 2021, this Court entered an order allowing Defendants remaining counsel to withdraw.  Critically, the motion to withdraw was made on grounds of both nonpayment and a fundamental breakdown of communications with the client. This left Mr. Buster *pro se*.  Union, which cannot proceed *pro se*, was left without representation. That order was served on Mr. Buster via the Court.  [Dkt. Entry of 6/7/21.]

On June 21, 2021, Plaintiffs moved to compel Defendants' production of documents among other items.  As detailed in Plaintiffs' certificate of service [Dkt. No. 59-17] with respect to that motion, Plaintiffs served Defendants via both electronic and physical means.

On June 28, 2021, this Court entered an order setting a deadline of July 12, 2021, for Mr. Buster to respond to Plaintiffs' motion to compel.  [Dkt. No. 60.]  Though under no independent obligation to do so, Plaintiffs emailed Mr. Buster this order.  Declaration of Richard A. Bodnar in Support of Plaintiffs' Motion to (1) Strike Defendants' Answer; (2) Enter Default Judgment; (3) Provide Additional Relief ("Bodnar Decl.") at Exhibit A.  Mr. Buster responded to Plaintiffs' Counsels' paralegal less than two hours later. *Id.* at Exhibit B.  This again confirms Defendants were in receipt of papers and aware of this litigation at this point.

On July 13, 2021, Plaintiffs filed a notice to the Court that no opposition had been received in response to their motion to compel, or appearance entered on behalf of Union, violations of two

of this Court's orders. [Dkt. No. 61.] Plaintiffs served this notice on Buster on July 13 via email. Mr. Buster, again confirming he received the communication, wrote to Plaintiffs' counsels' paralegal confirming he was representing himself *pro se*. [ Bodnar Decl. at Exhibit C.]

On July 14, this Court entered orders: (A) granting Plaintiffs' motion to compel and requiring Defendants to produce the documents requested by Plaintiffs within three business day (i.e., by July 19); (B) ordering Mr. Buster to show cause why he did not respond to Plaintiffs' motion to compel; and (C) ordering Plaintiffs to file this motion for default. [Dkt. Nos. 62-64]

Although not required to, Plaintiffs served orders A, B, and C on Defendants via electronic means as well as through overnight mail. [Bodnar Decl. at Exhibits D, E and F].

Plaintiffs acknowledge that every litigant deserves their 'day in Court' – but Defendants have had their chances. Their defiance of this Court's orders and utter failure to participate in the discovery process make this case ripe for summary disposition via the means outlined below: striking Defendants' answer, entering default, and granting Plaintiffs' a default judgment.

## ARGUMENT

1. **Defendants' Answer Must be Struck.**

Defendants are scofflaws with respect to this Court's orders. Their answer must be struck. The prejudice occasioned Plaintiffs is sufficient to require striking Defendants' answer, and the contempt shown this Court in defying its orders justifies striking the answer as well.

    a. **Defendant Union's Answer Must be Struck for Failure to Obtain Counsel.**

"It is a well-settled rule of law that a corporation cannot appear in federal court unless it is represented by a licensed attorney." *Gomez v. Managing Innovation & Tech., Inc.*, No. 3:14-CV-0936-M, 2015 WL 6150905, at *1 (N.D. Tex. Oct. 15, 2015) (citing *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir.2004)). When a corporation fails, after being ordered, to hire a

7

licensed attorney, the Court has numerous powers. "Among other things, the court may properly strike the defenses of a corporate defendant or enter a default judgment." *Melendez v. DJJRN, Inc.*, No. 3:20-CV-102-S-BK, 2020 WL 7774940, at *1 (N.D. Tex. Nov. 16, 2020), *report and recommendation adopted,* No. 3:20-CV-102-S-BK, 2020 WL 7771203 (N.D. Tex. Dec. 30, 2020) (citing *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984)). Here, this Court ordered Defendant UAM to secure counsel. UAM has failed to do so. UAM cannot proceed *pro se*. UAM has also failed in its discovery obligations, discussed below.

Striking UAM's answer is appropriate and warranted.

### b. Defendants' Answer Must be Struck for Their Discovery Failures

"Federal Rule of Civil Procedure 37(b)(2)(A) allows a district court to impose a variety of sanctions for not obeying discovery orders, including striking the pleadings in whole or in part." *Quinonez v. Alpha Air Conditioning, Heating & Elec., LLC*, No. 4:16-CV-01092-O, 2017 WL 6371724, at *1 (N.D. Tex. Nov. 27, 2017), *report and recommendation adopted,* No. 4:16-CV-001092-O-BP, 2017 WL 6343546 (N.D. Tex. Dec. 12, 2017). "The purpose of these sanctions is to ensure the effectiveness of the discovery process." Id. (citing *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970)); *see also* 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2281 (3d ed. 1998). The relevant criteria for this sanction are that the discovery violation is willful and that a lesser sanction would not achieve the necessary deterrent effect. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003). Both criteria are met here and Defendants' answer must be struck.

Defendants' discovery failures were laid out in detail in Plaintiffs' motion to compel [Dkt. No. 59]. Critically, Defendants failed to even *respond* to Plaintiffs' motion to compel despite being ordered to do so. On July 14, this Court entered an order requiring Defendants to produce

the documents sought by Plaintiffs within three business days. [Dkt. No. 62]. The Order was clear. Plaintiffs immediately sent a copy of that order to Defendant Buster (who is also the sole member of defendant UAM) (Bodnar Decl. at Exhibit D). Plaintiffs also mailed and arranged service of that Order.

Defendants time to comply with the Court's order expired on July 19, 2021. Defendants produced no additional documents; did not respond to Plaintiffs' second request for production of documents; and made no effort to comply with their discovery obligations. This occurred despite the fact that in connection with Defendants' former counsel's motion to withdraw, this Court *personally told* Defendant Buster he would need to comply with discovery and reiterated this in its order allowing the motion to withdraw. [Dkt. No. 58]

This is a paradigmatic case of willful noncompliance.

Further, no other sanction will achieve the deterrent effect necessary here. Unlike in cases where an individual defendant acting *pro se* from the start of the matter fails certain technical discovery-related duties, the Defendants in this case were active litigants right until they were required to produce documents and otherwise fulfill their discovery responsibilities. Defendants made two motions to dismiss via counsel; they filed a third party complaint; they engaged in setting a schedule; and they served discovery on Plaintiffs (which Plaintiffs responded to, and in fact produced *thousands* of pages of documents, including communications). No sanction other than striking Defendants' answer can deter this kind of abuse of the litigation process and defiance as to this Court's orders.

The prejudice to Plaintiffs, which was described in more detail in the motion to compel, is even more significant at this late stage. Plaintiffs' entire case has been held up by Defendants' discovery failures. And because of the nature of this RICO action, Defendant possess the key

documents of relevance. Plaintiffs have done all they can via third parties, at significant expense, but cannot prosecute the action further as a result of Defendants' willful noncompliance.

Nor can this issue be laid at the feet of Defendants' former attorneys. As Defendants' former attorneys motion to withdraw [Dkt. No. 49] made clear, it was Defendants *themselves* who did not comply with the required discovery obligations.

All the relevant factors point to striking Defendants' answer as a suitable sanction.

**2. The Court Should Enter a Default Judgment as to Defendants.**

Should this Court strike Defendants' answer, the Court should also enter default as to Defendants. Without an operative answer, Defendants should be treated as if they have not responded to the Operative Complaint. Default may be entered by the Court under Rule 55.

**3. The Court Should Grant Plaintiffs a Default Judgment.**

Should the Court strike Defendants' answer and enter default, the Court should also grant a Default Judgment in favor of Plaintiffs, at minimum with respect to the $129,000 Plaintiffs actually lost as a result of Defendants' conduct; but also as to the other relief requested in Plaintiffs' complaint, specifically for treble damages under the RICO statute, attorneys fees and costs[2] as provided by the RICO statute and clearly demanded in the complaint, and other relief.

A default judgment is appropriate where plaintiffs well-pleaded allegations, taken as true, would entitle a plaintiff to relief. Default judgements are often rendered from the face of a complaint in the absence of an answer by a defendant. Here, this Court has already had occasion to review Plaintiffs' complaint in detail, claim by claim, in relation to Defendants' motion to

---

[2] The Court has already ordered that Defendants pay Plaintiffs' fees and costs with respect to the motion to compel.

dismiss. This Court, taking as true Plaintiffs' allegations, has already found that Plaintiffs would be entitled to recover as a matter of law. [Order on Motion to Dismiss, Dkt. No. 25].

To grant a default judgment, Plaintiffs are still required to show damages. As Plaintiffs alleged in their complaint, Plaintiffs wired $129,000 to former defendant Knik Energy, Inc. [Bodnar Decl. at Exhibit G.] Redacted documents evidencing those wire transfers are filed with this motion. *Id*. Plaintiffs made those wires, as per their Complaint, in reliance on misrepresentations made by Defendants.

By Defendants own admission, at least some of those funds were transferred to defendant Union, which is controlled by Buster. *See* Answer at ¶ 60, 77, 83 (admitting wires). Plaintiffs respectfully submit nothing further than Counsel's affidavit and the Operative Complaint is required to prove damages in this case. Insofar as the Court requires additional submissions, such as documents evidencing the wire transfers from Knik to Union, or some other quantum of Plaintiffs' loss, Plaintiffs are prepared to make such a filing at the Court's direction.

The causes of action pled in the Complaint entitle Plaintiffs to significant additional damages. In particular, the RICO statute provides for treble damages, which, here, is a sum certain: $387,000. Treble damages are mandatory under the RICO statute, including with respect to a default judgment. *Bullock v. Abbott & Ross Credit Servs., L.L.C.*, No. A-09-CV-413 LY, 2009 WL 4598330, at *4 (W.D. Tex. Dec. 3, 2009), *report and recommendation adopted,* No. A-09-CA-413-LY, 2009 WL 10713334 (W.D. Tex. Dec. 22, 2009) ("Plaintiff also seeks three times the amount of actual damages sustained in this case pursuant to 18 U.S.C. § 1964(c) of RICO. Under this provision, treble damages are mandatorily assessed upon a finding of liability under RICO 18 U.S.C. § 1964(c). (footnote omitted)).

11

RICO also provides for attorneys' fees and costs, and Plaintiffs respectfully submit that should the Court enter a default judgment, Plaintiffs be given leave, in their discretion, to seek an order awarding fees and costs in an amount certain.

## CONCLUSION

By this motion, Plaintiffs seek to bring this matter to a conclusion. As a result of Defendants defiance of this Court's orders and massive discovery failures, Plaintiffs respectfully submit that their answer should be struck, default entered, and a default judgment in the amount of $387,000.

Dated: July 20, 2021                                           **ROLNICK KRAMER SADIGHI LLP**

By: /s/ *Richard A. Bodnar*
Richard A. Bodnar
State Bar No. 24117249
Rolnick Kramer Sadighi LLP
1251 Avenue of the Americas
New York, New York 10020
212.297.2810
rbodnar@rksllp.com

-and-

Jules P. Slim
State Bar No. 00793026
Attorney and Counselor
PO Box 140307
Irving, Texas 75014
214.350.5183
jslim@slimlawfirm.com

*Attorneys for Plaintiffs*