IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D'ARCY PETROLEUM, LLC; LORD FISHER PETROLEUM, LLC; and BRANDON ROLNICK, § § § § § § § § § § § § § § § § § § § § | | |
| Plaintiffs, | | |
| v. | § | No. 3: 19-cv-02770-M-BT |
| JOHN MINK; KNIK ENERGY, INC.; KELLY BUSTER; STRAWN PARTNERS, LLC; STRAWN OPERATING CO., LLC; HOLLAND ASSET PARTNERS, LLC; UNION ASSET MANAGEMENT, LLC; and STRAWN PARTNERS OPERATING, LLC, | | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs D'Arcy Petroleum, LLC, Lord Fisher Petroleum, LLC, and Brandon Rolnick filed a Motion to Strike Defendants' Answer, Enter Default, and Grant Default Judgement (ECF No. 65) against Kelly Buster and Union Asset Management, LLC (Union), the only defendants remaining in this civil action arising under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq*. For the following reasons, the District Court should GRANT the Motion; direct the Clerk to STRIKE Defendants' answer (ECF No. 26) and enter

1

a default; and GRANT default judgment against Buster and Union consistent with these Findings, Conclusions, and Recommendation.

## Background

Plaintiffs originally filed this lawsuit against John Mink, Kelly Buster, and their affiliated companies on November 20, 2019, alleging that Defendants were engaged in a "corrupt and criminal enterprise" relating to certain oil and gas wells in Coleman County, Texas. Pls.' Compl. 1-3 (ECF No. 1).; Pls.' Am. Compl. 2 (ECF No. 13). The suit consists of claims against Defendants for RICO violations, common law fraud, aiding and abetting fraud, negligent misrepresentation, civil conspiracy, and constructive trust. Mink and most of the affiliated companies have been dismissed, either by voluntary dismissal (ECF Nos. 14, 15) or the granting of Defendants' Motion to Dismiss (ECF No. 25). Accordingly, only Plaintiffs' claims against Buster and Union remain.

While the remaining parties were attempting to complete discovery, the Court allowed Buster and Union's attorney to withdraw because "Buster and Union willfully failed to communicate" with counsel and failed to "assist counsel in their defense." Order Granting Mtn. to Withdraw 2 (ECF No. 58). Subsequently, Plaintiffs filed a Motion to Compel (ECF No. 59), to which Buster and Union failed to respond, even after they were ordered to do so by the Court (ECF No. 60). Buster also failed to respond to the Court's Show Cause Order (ECF No. 64) directing him to provide an explanation for his failure to respond to the Motion to Compel. As a result, and at the Court's direction (ECF No. 63), Plaintiffs filed the pending

2

motion to strike and for entry of default and default judgment on July 20, 2021. Neither Buster nor Union responded to Plaintiffs' Motion within the period allowed for responses, *see* N.D. Tex. Civ. R. 7.1(e), and in the intervening months they have failed to participate in the lawsuit in any way.

## Legal Standards and Analysis

After considering Plaintiffs' Complaint, their Motion, the materials supporting the Motion, and the applicable law, the Court recommends striking Defendants' Answer, directing the Clerk to enter a default, and granting Plaintiffs' a default judgment against Buster and Union.

I. <u>The Court should impose severe sanctions against Buster for his failure to participate in discovery.</u>

Federal Rule of Civil Procedure 37(b)(2)(A) allows a district court to impose a variety of sanctions for not obeying discovery orders, including striking the pleadings in whole or in part. The purpose of these sanctions is to ensure the effectiveness of the discovery process. *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970). "A district court has 'broad discretion in all discovery matters', and 'such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982)). This broad discretion extends to the imposition of discovery sanctions. *See Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013). Under Fifth Circuit precedent, sanction rulings that result in the entry

of default judgment—such as striking a defendant's answer—must meet two criteria: (1) the sanctioned party's discovery violation must be willful; and (2) a lesser sanction would not substantially achieve the desired deterrent effect. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003). The court "may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation." *Id.*

Striking Buster's answer is appropriate in this case because Buster has willfully and repeatedly violated the Court's discovery orders. Since his counsel withdrew, Buster has failed to respond to Plaintiffs' Motion to Compel even after he was expressly ordered to do so by the Court; failed to produce discovery items under the Court's Order granting the Motion to Compel; failed to respond to the Court's Show Cause Order; and failed to participate in discovery in any meaningful way. Pls.' Mtn. 8-10. The Motion to Withdraw filed by Buster's attorney makes it clear that Buster himself is responsible for this non-responsiveness. Am. Mtn. to Withdraw 1-2 (ECF No. 57). Indeed, Buster failed to provide "materials and information" requested by his counsel, refused to assist in crafting a defense, and generally failed to respond to his counsel's repeated calls and emails. *Id.* at 2-3.

Furthermore, severe sanctions are appropriate here because "[Buster] ha[s] provided neither an acceptable reason for [his] non-compliance, nor an indication that [he] will respect Court orders in the future." *OrganiCure Bio-Tec Co., Ltd. v. Asialink Enter. Group Corp.*, 2012 WL 13027061, at *3 (N.D. Tex. June 7, 2012) (quoting *Arrendondo v. Flores*, 2008 WL 4414308, at *10 (S.D. Tex. 2008)). At a

hearing regarding Buster's attorney's Motion to Withdraw, Buster acknowledged he was "not very competent [in legal matters]," "need[ed] representation," and "just [had] to get some money to [his attorney]." (ECF No. 53). Since then, Buster has received multiple warnings that failure to participate in discovery would lead to sanctions. S*ee, e.g.,* Order Granting Mtn. to Withdraw 2-3 (ECF No. 58); Order to Respond 1-2 (ECF No. 60); Order Granting Mtn. to Compel 2-3 (ECF No. 62); Show Cause Order 1 (ECF No. 64). Despite these warnings, Buster has failed to comply with his discovery obligations, and indeed appears to have ceased any involvement in the lawsuit.

Buster's failure to follow the Court's discovery orders is willful, he appears to be unperturbed by the threat of sanctions, and it is Buster himself who is responsible for these lapses rather than his attorney. The Court has considered lesser sanctions, but given Buster's recalcitrance the Court determines that no lesser sanction would achieve the desired effect of concluding this litigation. Furthermore, no lesser sanction would ameliorate the prejudice to Plaintiffs who have been entirely unable to prosecute their lawsuit in the face of Buster's refusal to cooperate in basic discovery. Accordingly, an order striking his answer is the appropriate sanction for his discovery violations.

II. <u>The Court should impose sanctions against Union because of its failure to retain counsel.</u>

In federal court, a corporation is not permitted to proceed *pro se*. *Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per

curiam) (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'"). The rationale for this long-standing rule applies equally to "all artificial entities," such as partnerships and associations. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). As a cross between a corporation and a partnership, a limited liability company is also an artificial entity that may only appear in federal court through licensed counsel. *See Doe v. Compact Info. Sys., Inc.*, 2017 WL 3394584, at *2 (N.D. Tex. July 14, 2017), *rec. adopted*, 2017 WL 3405522 (N.D. Tex. Aug. 7, 2017); *Lan Wu v. Frost Nat. Bank*, 2012 WL 1549515, at *1 (N.D. Tex. Apr. 5, 2012); *Walker v. Allianz Life Ins. Co.*, 2009 WL 1883418, at *3 (N.D. Tex. June 30, 2009).

"[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). "The [court] might, inter alia, admonish the corporation that it cannot proceed without counsel, order the corporation to retain counsel within a certain period of time (the appropriate amount of time also being within the judge's discretion), or dismiss the case . . . ." *Id.* at 873, n. 5. Indeed, when a corporation declines to hire counsel to represent it, the court may properly dismiss its claims, if it is a plaintiff, or strike its defenses, if it is a defendant. *See Donovan*, 736 F.2d at 1005 (holding district court properly struck defenses of corporate defendant who refused to hire counsel).

Some courts have found default judgment to be the appropriate remedy when a corporation fails, after a court warning, to retain counsel. *See, e.g.*, *PalWeb Corp. v. Vimonta AG*, 2003 WL 21992488, at *1 (N.D. Tex. Aug. 19, 2003) (finding a defendant, a Swiss corporation, in default and entering a final judgment against it after the court ordered the corporation to obtain substitute counsel (licensed to practice in the court's jurisdiction) on two occasions, but no attorney licensed to practice in the jurisdiction entered an appearance on the defendant-corporation's behalf); *see also Mount Vernon Fire Ins. Co. v. Obodoechina*, 2009 WL 424326, at *1 (S.D. Tex. Feb. 19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

Plaintiffs are entitled to an order striking Union's answer because it has failed to retain counsel after multiple warnings that it must do so. As an LLC, Union must be represented by counsel in this lawsuit. The Court informed Buster, who is the sole member of Union, of this fact during the hearing regarding his attorney's Motion to Withdraw, and he assented to understanding that Union "would have to have counsel." The Court reminded Union of this fact again in its Order Granting Motion to Withdraw, specifically warning Union that "if it fail[ed] to comply with this order and retain counsel, the Court m[ight] strike its defenses and grant a motion for default judgment against it." Order Granting Mtn. to Withdraw 4 (ECF

7

No. 58). In the four intervening months Union has not retained counsel or participated at all in this lawsuit.

Because Union has failed to retain counsel even though it cannot proceed in this lawsuit without counsel and the Court has warned Union that failure to retain counsel would result in sanctions, the Court should strike Union's answer.

III. <u>Plaintiffs are entitled to entry of default and a default judgment against Buster and Union.</u>

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b)(2). Whether to enter default judgment is within the sound discretion of the court. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) ("[T]he entry of default judgment is committed to the discretion of the district judge.")). "[A] 'party is not entitled to a default judgment as a matter of right, even where a defendant is technically in default.' " *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)); *accord Nat'l Cas. Co. v. KT2 LLC*, 2021 WL 1338221, at *2 (N.D. Tex. Apr. 8, 2021). To determine whether to enter default judgment, the Court should examine: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable

8

neglect; (5) the harshness of the default judgment; and (6) whether the Court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2685 (2d ed. 1983)).

First, as set forth above, the Court recommends striking Defendants' answer and directing the Clerk to enter a default against Buster and Union as a sanction for failing to comply with discovery obligations and Court orders. When a default has been entered, the factual allegations of the complaint are taken as true. *U.S. For Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981); *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Consequently, there are no material issues of fact. And the Court takes as true Plaintiffs' allegations that Buster and the companies he controls, including Union, own and operate oil and gas wells, which they fraudulently marketed to potential investors. *See generally* Pls.' Am. Compl. Plaintiffs invested $129,000 in Defendants' wells in reliance on false representations that the wells were "free flowing," and that there were "loads" from those wells ready to sell. *Id.* Plaintiffs received no, or almost no, royalties from their investment in Defendants' wells. *Id.* Second, Defendants' continued unwillingness to participate in this matter and to comply with Court orders threatens to bring this litigation to a halt, thereby prejudicing Plaintiffs. Given this unwillingness, even in the face of explicit sanctions warnings, the Court finds the grounds for default are clearly established.

Further, there is nothing to suggest that Defendants' default was caused by a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Indeed, Defendants' brazen defiance warrants the harshness of a default judgment. *Id*. Finally, there does not appear to be any "good cause" to set aside the default (if challenged) because Defendants failed to comply with the Court's orders. *See id*. Therefore the Court should conclude that default judgment is proper.

After determining that default is appropriate, the Court must assess the merits of Plaintiffs' claims and find a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr.*, 515 F.2d at 1206. Although the defendant may be in default, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id*. However, "the requisite threshold for pleading sufficiency is lower on a motion for default judgment than on a motion to dismiss." *Edmond v. Marathon Petroleum Co., LP*, 2021 WL 619503, at *7 (W.D. Tex. Feb. 17, 2021) (citing *Nishimatsu Constr.*, 515 F.2d at 1206). Accordingly, if a plaintiff has properly stated a claim upon which relief may be granted under Rule 12(b)(6), she has met the pleading standard for default judgment as well. *See Hayes v. Primavera Primary Home Care, Inc.*, 2017 WL 564115, at *3 (W.D. Tex. Feb. 10, 2017); *Woods v. Ross*, 2021 WL 3077236, at *8 (D. Kan. July 21, 2021), *reconsideration denied*, 2021 WL 3930273 (D. Kan. Sept. 2, 2021); *see also Functional Products Trading, S.A. v. JITC, LLC*, 2014 WL 3749213, at *16 (N.D. Ga. July 29, 2014) (collecting cases that reference the Rule 12(b)(6) standard in determining whether default judgment is appropriate).

The Court has already determined that Plaintiffs adequately (though barely) met the Rule 12(b)(6) pleading standard for a violation of 18 U.S.C. § 1962(b) and (c), common law fraud as to Buster, negligent misrepresentation and constructive trust as to Union. Order 9-18 (ECF No. 25). Therefore, the Court should find there is a sufficient basis for default judgment in the pleadings and order Buster and Union held jointly and severally liable on Plaintiffs' claims.

IV.  **Plaintiffs should be awarded actual damages and statutory damages under RICO and should be granted leave to seek an award of fees and costs.**

Generally, in the default-judgment context, unliquidated damages are not awarded without an evidentiary hearing. Fed. R. Civ. P. 55(b)(2)(B); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). However, this rule is subject to exception when the amount claimed is a liquidated sum or one capable of mathematical calculation. *See James*, 6 F.3d at 310; *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam) (citations omitted).

Plaintiffs' damages in this case are readily calculable. Plaintiffs alleged in their Complaint that they wired $129,000 to a former defendant. Pls.' Am. Compl. 3. Defendants then transferred at least some of those funds to Union. Additionally, Plaintiffs submitted further documentary evidence in their Motion to Strike and for Default that these transfers occurred. Pls.' Mtn. Ex. G 2-5 (ECF No. 65-8). Accordingly, Plaintiffs sustained actual damages in the amount of $129,000.

Plaintiffs also seek treble damages sustained in this case pursuant to 18 U.S.C. § 1964(c) of RICO. Under this provision, treble damages are mandatorily

assessed upon a finding of liability under RICO. 18 U.S.C. § 1964(c); *Bullock v. Abbott & Ross Credit Servs.*, 2009 WL 4598330, at *4 (W.D. Tex. 2009); *Regency Communications, Inc. v. Cleartel Communications, Inc.*, 304 F. Supp.2d 1, 12 (D.D.C. 2004). Accordingly, Plaintiffs are entitled to an additional $258,000 under 18 U.S.C. § 1964(c).

Plaintiffs also seek attorney's fees and costs. Because they have been successful in the instant action and have recovered damages in this case, they are entitled to recover reasonable attorney's fees and expenses under § 1964(c) of RICO. Plaintiffs should thus be granted leave to seek an order awarding fees and costs in an amount certain.

## RECOMMENDATION

Kelly Buster and Union Asset Management, LLC refused to comply with Court orders and have failed to participate in the case since the Court allowed their counsel to withdraw. Accordingly, the Court should GRANT Plaintiffs' Motion (ECF No. 65) and direct the Clerk to strike Defendants' answer and enter a default against Buster and Union. The Court should further grant Plaintiffs' request for a default judgment against Buster and Union, jointly and severally, and in favor of Plaintiffs, in the amount of $387,000. The Court should also grant Plaintiffs leave to seek an award of attorney's fees and costs in an amount certain, supported by competent evidence.

**SO RECOMMENDED.**

**SIGNED** October 6, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).