IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| D'ARCY PETROLEUM, LLC; LORD FISHER PETROLEUM, LLC; and BRANDON ROLNICK, § § § § § § Plaintiffs, § § v. § § JOHN MINK; KNIK ENERGY, INC.; § KELLY BUSTER; STRAWN § PARTNERS, LLC; STRAWN § OPERATING CO., LLC; HOLLAND § ASSET PARTNERS, LLC; UNION § ASSET MANAGEMENT, LLC; and § STRAWN PARTNERS OPERATING, § LLC § § Defendants. § | Case No. 3:19-cv-02770-M-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On January 5, 2024, Plaintiff Brandon Rolnick filed a Motion for Turnover Relief (ECF No. 73), and on January 16, 2024, Rolnick filed a Motion for Hearing on his Motion for Turnover Relief (ECF No. 74). Rolnick alleges that this Court's Default Judgment in Plaintiffs' favor against Defendants Kelly Buster and Union Asset Management, LLC (UAM) remains unsatisfied. *See* Default J. (ECF No. 71). Rolnick accordingly seeks a turnover order pursuant to Texas Civil Practice and Remedies Code § 31.002.

1

Because it was not clear that Defendants Buster and UAM had been served with a copy of the Motions, the Court stayed all deadlines on the Motions, ordered Rolnick to effect personal service of his Motions on Defendants Buster and UAM, and ordered Rolnick's counsel to file proof of service with the Court in accordance with Federal Rule of Civil Procedure 4(l). *See* Order (ECF No. 75) (citing Fed. R. Civ. P. 4(l)(1)). As of the date of this Recommendation, Rolnick's counsel has not complied with the Court's order to file proof of service.

However, regardless of whether the Motions have been properly served, Rolnick's Motion for Turnover fails on the merits. The District Judge should thus DENY Rolnick's Motion for Turnover.

**Legal Standards and Analysis**

Section 31.002 of the Texas Civil Practice and Remedies Code, commonly referred to as the "turnover statute," *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 n.1 (Tex. 1991), is "the procedural device by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process; it allows a court to reach assets owned and subject to the control of a judgment debtor." *Resol. Tr. Corp. v. Texas Moline Ltd.*, 96 F. Supp. 2d 644, 646 (S.D. Tex. 2000) (cleaned up). Specifically, it provides that "[a] judgment creditor is entitled to aid from a court . . . to reach property to obtain satisfaction on the judgment if the judgment debtor owns property . . . that is not exempt from

attachment, execution, or seizure for the satisfaction of liabilities." Tex. Civ. Prac. & Rem. Code § 31.002(a).

The turnover statute itself does not require notice and a hearing prior to issuance of a turnover order. *Vaccaro v. Raymond James & Assocs., Inc.*, 655 S.W.3d 485, 489 (Tex. App.—Fort Worth 2022, no pet.). Nevertheless, the trial court must have "some substantive, probative evidence establishing the turnover statute's requirements." *Id.*; *see also Shanze Enterprises, Inc. v. Amigo MGA, LLC*, 2014 WL 5493252, at *2 (N.D. Tex. Oct. 30, 2014) ("The Court therefore may not properly enter a turnover order if there is not at least some probative evidence of the necessary facts supporting the trial court's discretion."). And, "[t]he initial burden is on the judgment creditor to establish [1] the existence of an underlying judgment, [2] that the underlying judgment remains unpaid, and [3] that the judgment debtor owns nonexempt property." *Vaccaro*, 655 S.W.3d at 489; *see also Black v. Shor,* 443 S.W.3d 170, 181 (Tex. App.—Corpus Christi 2013, no pet.) (holding that "[i]ssuance of a turnover order requires [—among other things—] 'a factual showing' that the judgment debtor owns nonexempt property that is not readily subject to ordinary execution and 'proof of the necessary facts'").

Here, Rolnick has failed to make the required factual showing that the conditions for turnover are present. Through his Motion, he provides only unsupported, conclusory allegations reciting "[u]pon information and

3

belief" that Defendant Buster and UAM have nonexempt property in their control and that such property cannot readily be attached or levied by the ordinary legal process. *See* Mot. ¶¶ 7, 8 (ECF No. 73). Rolnick does not identify any particular alleged nonexempt property, and he does not set forth any specific facts to substantiate his belief. The only exhibit attached to Rolnick's Motion is a copy of this Court's Default Judgment. Accordingly, as Rolnick has not produced any evidence at all, he is not entitled to turnover relief. *Vaccaro*, 655 S.W.3d at 491 (holding that judgment creditor's conclusory statement based on her "understanding" that judgment debtor owns nonexempt assets was not sufficient to carry judgment creditor's burden to obtain turnover relief); *Vederra Holdings LLC v. Glob. Equity Partners, LLC*, 2023 WL 5945867, at *2 (N.D. Tex. Sept. 12, 2023) (denying request for turnover order based on conclusory assertion that judgment debtor "own[s] property" subject to turnover).

Further, because Rolnick does not prevail on his Motion, he is not entitled to reasonable attorney's fees under Chapter 31.002(e). *See Great Glob. Assur. Co. v. Keltex Properties, Inc.*, 904 S.W.2d 771, 776 (Tex. App.—Corpus Christi–Edinburg 1995, no writ) (citing *Boudreaux Civic Ass'n v. Cox,* 882 S.W.2d 543, 550 (Tex. App.—Houston [1st Dist.] 1994, no writ) and *Daniels v. Pecan Valley Ranch, Inc.,* 831 S.W.2d 372, 386 (Tex. App.—San Antonio 1992, writ denied), *cert. denied,* 508 U.S. 965 (1993)) ("[A]n award

4

of attorneys' fees under section 31.002(e) is proper only if a judgment creditor is successful in obtaining turnover relief.").

## Recommendation

The District Judge should DENY Rolnick's Motion for Turnover (ECF No. 73). In view of this recommendation, the undersigned judge TERMINATES Rolnick's Motion for Hearing (ECF No. 74) as moot.

**SO RECOMMENDED.**

April 30, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).